IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

*Karen Poulsen v. Humana Insurance Company*

# Attachment to:

# Notice of Removal

# Exhibit A:

# Plaintiff's Petition

14CV04581 * *
Div 4 *

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

KAREN POULSEN,

        Plaintiff,

vs.

HUMANA INSURANCE COMPANY,
a Wisconsin corporation,

        Defendant.

Case No. _____
Court No. _____
K.S.A. Chapter 60

**PETITION FOR DAMAGES**
**PURSUANT TO K.S.A. CHAPTER 60**

    Plaintiff Karen Poulsen ("Poulsen"), for her Petition against defendant Humana Insurance Company ("Humana"), hereby states as follows:

1. Plaintiff is an individual and resident of Johnson County, Kansas.

2. Defendant is an insurance company with its statutory office at 1100 Employers Blvd, De Pere, WI 54115.

3. Venue and jurisdiction are properly placed inasmuch as all transactions relevant to plaintiff's claims occurred in Johnson County, Kansas.

4. This court possesses subject matter jurisdiction inasmuch as plaintiff has been provided a Right to Sue Notice from the Equal Employment Opportunity Commission bearing a date of May 21, 2014.

**FACTUAL BACKGROUND**

5. Plaintiff incorporates each of the foregoing allegations, and further state as follows.

6. Plaintiff served as an employee of defendant Humana in the capacity of an Utilization Review Nurse.

7. During the course of plaintiff's employment with defendant, plaintiff's unlawful treatment afforded her by her supervisors and the management of her employer, Humana has adversely affected the terms and conditions of her employment.

## COUNT I:

## DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 12117 et seq.

8. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

9. Plaintiff Poulsen possesses one or more disabling conditions, including bipolar mood disorder, requiring medication, which substantially impair one or more of her major life activities.

10. Plaintiff advised defendant of her disabling conditions and requested reasonable accommodation.

11. Plaintiff was denied the ongoing, reasonable accommodation of having a quiet work environment.

12. Plaintiff was denied the reasonable accommodation of working from home, while similarly situated non-disabled employees were allowed to work from home.

13. Defendant unlawfully denied plaintiff the reasonable accommodations she sought, and further discriminated against her by terminating her employment.

14. Defendant's actions, as stated above, constituted one or more violations of plaintiff's rights under the ADA, and plaintiff was damaged as a result thereof.

15. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

16. As a direct and proximate result of plaintiff's malicious and reckless treatment by defendant, as referenced above, plaintiff further possesses a right to punitive damages in an amount exceeding $75,000.00.

17. Plaintiff further requests that she be awarded her attorneys fees and expenses.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in her favor and against defendant for her actual and compensatory damages in an amount which exceeds $75,000.00, together with punitive damages in an amount exceeding $75,000.00, together with her attorney's fees and expenses, together with such other relief as the Court deems proper.

## COUNT II: UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. 12101 et seq.

18. Plaintiff incorporates each of the foregoing allegations and further states as follows.

19. Plaintiff Poulsen possessed one or more disabling conditions, including bipolar mood disorder, requiring medication and which substantially impair one or more of her major life activities.

20. Plaintiff advised defendant of her disabling conditions and requested reasonable accommodation.

21. Plaintiff was denied the ongoing, reasonable accommodation of having a quiet work environment.

22. Plaintiff was denied the reasonable accommodation of working from home, while similarly situated non-disabled employees were allowed to work from home.

23. Plaintiff registered one or more complaints regarding the discriminatory treatment she was subjected to while employed with Humana.

24. In retaliation for plaintiff's requests for accommodation and recognition of her rights, defendant unlawfully denied plaintiff the reasonable accommodations she sought, and further retaliated against her by terminating her employment.

25. The acts of defendant, as set forth in the preceding paragraph, constituted one or more acts of unlawful retaliation in violation of plaintiff's right to be free from same.

26. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

27. As a direct and proximate result of plaintiff's malicious and reckless treatment by defendant, as referenced above, plaintiff further possesses a right to punitive damages in an amount exceeding $75,000.00.

28. Plaintiff further requests that she be awarded her attorneys fees and expenses.

29. WHEREFORE, plaintiff respectfully requests that the Court enter judgment in her favor and against defendant for her actual and compensatory damages in an amount which exceeds $75,000.00, together with punitive damages in an amount exceeding $75,000.00, together with her attorney's fees and expenses, together with such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

/s/Albert F. Kuhl
Albert F. Kuhl #12478
15700 College Blvd., Suite 200
Lenexa, KS 66219
Tel. 913.438.2760
Fax: 913.327.8492
kuhllaw@hotmail.com

*Clerk of the District Court, Johnson County Kansas*
*07/18/14  10:45am MM*